NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000587
08-FEB-2016
10:06 AM**

NO. CAAP-15-0000587

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
HESELOMI V. AHOKOVI and AHOKOVI-LIZARES
MOTORCARS, LLC, Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DCW-13-0001805)


ORDER DISMISSING APPEAL
(By: Nakamura, C.J., and Fujise and Reifurth, JJ.)

Upon review of the record in CAAP-15-0000587, it appears that we lack appellate jurisdiction over Defendants-Appellants Heselomi V. Ahokovi and Ahokovi-Lizares Motorcars, LLC's (Appellants) appeal from the (1) Court's Decision Re: Restitution, filed on January 22, 2015, (2) Amended Order and Notice of Entry of Order, filed on February 26, 2015, and (3) Order Imposing Restitution as Additional Condition of DANC Orders Filed June 26, 2014; Findings of Fact; Conclusions of Law; and Order, filed on June 23, 2015 in the District Court of the Third Circuit (collectively, the Restitution Orders).

Appellants purport to appeal pursuant to Hawaii Revised Statutes (HRS) § 641-12.[1] "The right to an appeal is strictly statutory." *State v. Ontiveros*, 82 Hawaiʻi 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). "Appeals upon the record shall be allowed from all final decisions and final judgments of

_____

[1] Appellants' citation to HRS § 641-1 and § 641-2 in their Notice of Appeal is in error as Appellants apparently acknowledge in their September 10, 2015 jurisdictional statement.

district courts in all criminal matters. Such appeals may be made to the intermediate appellate court, subject to chapter 602, whenever the party appealing shall file notice of the party's appeal within thirty days, or such other time as may be provided by the rules of the court." HRS § 641-12.

However, none of the Restitution Orders are final, insofar as none of them, nor all of them collectively, serve to resolve the case. Therefore, none of them individually or collectively, qualify as an appealable order for the purpose of HRS § 641-12.[2]

The District Court granted Appellants a deferred acceptance of no contest plea. Therefore, Appellants may not appeal pursuant to HRS § 641-12 and this court lacks appellate jurisdiction over the appeal. *See State v. Kealaiki*, 95 Hawai'i 309, 311-12, 22 P.3d 588, 590-91 (2001).

Therefore,

IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, February 8, 2016.

Chief Judge

Associate Judge

Associate Judge

---

[2] We note that Appellants have also filed petitions for mandamus challenging the Restitution Orders in SCPW-15-0000358 and SCPW-15-0000509, which remain pending decision by the Hawai'i Supreme Court.

2